### IN RE ASSESSMENT FOR STATE AID ROAD IMPROVEMENT.
### ELON J. PICHE AND ANOTHER v. VILLAGE OF SHOREVIEW.

155 N. W. (2d) 905.

January 26, 1968—No. 40,605.

*Douglass, Bell & Donlin* and *Thomas M. Sweeney,* for appellant.
*Loftsgaarden & Loftsgaarden* and *Donald E. Gross,* for respondents.

KNUTSON, CHIEF JUSTICE.

This is an appeal from a judgment of the District Court of Ramsey County setting aside part of a special assessment levied by the village of Shoreview against property owned by respondents.

The village of Shoreview is a municipal corporation with a population of more than 5,000 people. On July 24, 1959, by resolution, the village council designated a portion of Mackubin Street as a municipal state-aid street. The commissioner of highways later approved the resolution.

During the summer of 1961, the village improved the designated stretch of Mackubin Street in conformance with the specifications and requirements of the State Highway Department. The total cost of the project was $37,518.42. In October 1961 the commissioner of highways reimbursed the village out of state-aid funds for the improvement of this street in the sum of $34,650.77. The village contributed the sum of $2,867.65, which represented a portion of the cost of storm sewer facilities constructed incident to the improvement.

The village determined that, had the street been improved according to village standards, the cost would have been $11,016. Accordingly, by resolution it determined to levy an assessment against the property benefited for that amount. Elon J. Piche and Jane H. Piche, respondents here, own land adjacent to the improved street which constituted a substantial part of the property benefited. A special assessment was levied against their land in the sum of $7,308. They appealed the assessment to the district court.

On trial the district court determined that the assessment was unlawful to the extent it was in excess of the $2,867.65 actually paid by the village and set aside the assessment against respondents' property for all except their proportionate share of the amount actually expended by the village. The village appeals.

The trial court wrote no memorandum and we have no way of know-

ing upon what it based its decision. We assume that the court determined that the village could not levy an assessment for more than the amount it actually paid as its share of the improvement, or, in other words, that any amount reimbursed by the State Highway Department could not be levied against the property owner.

Prior to 1959,[1] Minn. St. 429.051, so far as material, read:

"The cost of any improvement, or any part thereof, may be assessed upon property benefited by the improvement, whether the property abuts on the improvement, or not, based upon the benefits received."

This statutory provision was amended by L. 1959, c. 490, § 1, and, so far as material, now reads:

"The cost of any improvement, or any part thereof, may be assessed upon property benefited by the improvement, based upon the benefits received, whether or not the property abuts on the improvement and whether or not any part of the cost of the improvement is paid from the county state-aid highway fund, the municipal state-aid street fund, or the trunk highway fund."

At the same session of the legislature a comprehensive act relating to highways, appropriating money therefor, etc., was adopted. See, L. 1959, c. 500.

It is apparent that by the amendment of § 429.051 the legislature addressed itself to the very problem that now confronts us. The intent of the legislature could not be more clearly stated than in the language of this amended statute. Without any question it authorizes the assessment of benefits against the property benefited, even though the municipality is reimbursed for the improvement from the state-aid street fund. No attack has been made upon the constitutionality of the act and, inasmuch as the legislature has spoken on the subject with obvious clarity, we conclude that the trial court was in error. No one contends on this appeal that respondents' land was not benefited by the improvement.

There has been no prior construction of the statute by this court, but the attorney general has written an opinion in agreement with the con-

---

[1] See, Minn. St. 1957, § 429.051.

clusion we have reached. See, Opinion Attorney General, No. 59A-4, March 21, 1962.

It follows that the judgment of the district court must be reversed and the assessment reinstated.

Reversed.

